Per Curiam.

Petitioner contends that he was denied his constitutional rights because the court, in September 1962, would not allow him to change his plea to not guilty and would not grant him a continuance in order to obtain a new attorney. There is no record to substantiate either of these claims. However, even if true, such facts would not entitle petitioner to release by habeas corpus. The allowance of a change of plea is within the sound discretion of the trial court. Crider v. Maxwell, Warden, 174 Ohio St., 190. In a like manner, the granting or refusal of a continuance lies within the sound discretion of the trial court. 15 Ohio Jursiprudence (2d), 665, Criminal Law, Section 494; and 11 Ohio Jurisprudence (2d), 168, Continuances, Section 2.
*566 Rulings of a trial court which are based upon an exercise of the court’s discretion are not reviewable in an action in habeas corpus but must be attacked by appeal.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.